UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENDRICK FOBB,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 21-cv-07778-HSG<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>Re: Dkt. No. 21 |

Pending before the Court is Plaintiffs' motion to remand, briefing for which is complete. Dkt. Nos. 21 ("Mot."), 28 ("Opp."), 31 ("Reply"). The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons discussed below, the Court **DENIES** the motion.

**I.  BACKGROUND**

On September 3, 2021, Plaintiff Kendrick Fobb, a Louisiana resident, filed this action in San Francisco Superior Court against Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, which are incorporated in Delaware with principal places of business in San Francisco, California. *See* Dkt. No. 1, Ex. A. Plaintiff alleges that he was sexually assaulted and battered by a driver during an Uber ride and sustained physical and psychological injuries as a result. *Id.* ¶¶ 58, 68. Plaintiff asserts that Defendants were negligent in protecting the safety of passengers and in their hiring, supervision, and retention of drivers. *Id.* ¶¶ 58-69. Plaintiff seeks economic, non-economic, and punitive damages, among other awards. *Id.* ¶ 69.

On October 5, 2021, prior to being served, Defendants removed this action to federal court under 28 U.S.C. § 1441(a). *See* Dkt. No. 1 ¶¶ 2-3. Plaintiff moved to remand, claiming that because all Defendants are residents of California, removal based on diversity jurisdiction is

barred by 28 U.S.C. § 1441(b)(2), also known as the forum defendant rule. *See* Mot. at 8-10.[1] Defendants argue that removal is not barred because they had not been served when they removed the case. *See* Opp. at 2.

## II.     LEGAL STANDARD

A defendant may remove a state court action to federal court on the basis of diversity jurisdiction. *See* 28 U.S.C § 1441; *see also Rodriguez v. AT&T Mobility Servs. LLC,* 728 F.3d 975, 977 (9th Cir. 2013) ("A defendant may remove to federal district court an action first brought in state court when the district court would have original jurisdiction."). As is relevant here, diversity jurisdiction exists where the matter in controversy exceeds $75,000 and the dispute is between citizens of different states. 28 U.S.C. § 1332(a). However, "[a] civil action otherwise removable solely on the basis of [diversity] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

A case may be removed within 30 days after service of the complaint or summons on the defendant and no later than one year after commencement of the action. 28 U.S.C. § 1446(b)-(c). The removing party must file a notice "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the defendant. 28 U.S.C. § 1446(a). Further, "[w]hen a civil action is removed [ ] under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A).

"If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000). On a motion to remand, federal courts must presume that a cause of action lies beyond its subject matter jurisdiction, *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009), and must reject federal jurisdiction "if there is any doubt as to the right of removal in the first instance," *Gaus v. Miles,*

---

[1] When citing to the Motion to Remand, the Court references the blue page numbers assigned by ECF because Plaintiff's notice and memorandum of law are not numbered consecutively.

2

*Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).  The removing party bears the burden of establishing federal jurisdiction.  *See id.* at 566–67.

### III.    DISCUSSION

Under the plain language of Section 1441(b)(2), a defendant may not remove a case on diversity grounds if any defendant who is a resident of the forum state has been "properly joined and served."  *See Monfort v. Adomani, Inc.*, No. 18-cv-05211-LHK, 2019 WL 131842, at *3 (N.D. Cal. Jan. 8, 2019) (citing 28 U.S.C § 1441(b)(2)).  At the time Defendants removed this action, they had not been served.  *See* Opp. at 3.  Plaintiff argues that reading the "properly joined and served" language in Section 1441(b)(2) to mean what it says permits a defendant to "engag[e] in gamesmanship."  *See* Reply at 1-2.

The decisions in this district to have considered the question nearly unanimously support Defendants' position.  *See Loewen v. McDonnell*, No. 19-cv-00467-YGR, 2019 WL 2364413, at *7 (N.D. Cal. June 5, 2019) (explaining that "the Northern District of California has consistently held a defendant may remove an action prior to receiving proper service, even when the defendant resides in the state in which the plaintiff filed the state claim") (citing *Sherman v. Haynes & Boone*, No. 5:14-CV-01064-PSG, 2014 WL 4211118, at *1 (N.D. Cal. Aug. 22, 2014)).  *See also, e.g., Saratoga Advantage Trust Tech. & Commc'n Portfolio v. Marvell Tech. Grp., Ltd.*, Case No. 15-CV-04881-RMW, 2015 WL 9269166, at *2 (N.D. Cal. Dec. 21, 2015) (denying motion to remand and stating that because the forum defendant "had not been served at the time of removal, the forum defendant rule does not apply"); *Carreon v. Alza Corp.*, No. C 09-5623 RS, 2010 WL 539392, at *1 (N.D. Cal. Feb. 9, 2010) ("Courts in this district have routinely applied [section 1441(b)] as it is written.").  As one court has explained, there is no basis to "conclude that strict adherence to the language of [section] 1441(b) would be plainly at variance with the policy behind the statute."  *Loewen*, 2019 WL 2364413, at *8.  The Court finds the reasoning of these cases persuasive, and adopts it in finding that a plain reading of the statute allows pre-service removal by a forum defendant.[2]

---

[2] Plaintiff asserts that Defendants' position "is against the weight of controlling law, prior decisions of this Court [sic] and will lead to absurd results."  Mot. at 4.  But Plaintiff cites only

Without serious dispute, the requirements for diversity jurisdiction are otherwise met. *See* 28 U.S.C. § 1332(a). Defendants, all incorporated in Delaware with principal places of business in California, are diverse from Plaintiff, a citizen of Louisiana. Dkt. No. 1 ¶¶ 10-13. Defendants' notice of removal was procedurally proper and includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2004); Dkt. No. 1 ¶¶ 15-18. And Plaintiff does not credibly assert that the amount in controversy is less than $75,000 or otherwise argue that the diversity requirements are not met. *See* Mot. at 5.

## IV. CONCLUSION

The Court **DENIES** Plaintiff's motion to remand.

**IT IS SO ORDERED.**

Dated: 3/3/2022

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

---

one case, *In re Roundup Products Liability Litigation*, No. 16-md-02741-VC, 2019 WL 423129 (N.D. Cal. Feb. 1, 2019), for this proposition. Neither *Roundup* nor any of the other district court decisions discussed above are "controlling law," but to the extent the question is what weight to give to persuasive authority, the Court agrees with the actual majority view in the Northern District.